```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                           EASTERN DIVISION


VANESSA B. BRASWELL, AS GUARDIAN
OF JASON RAY BRASWELL                                      PLAINTIFF


VS.                               CIVIL ACTION NO. 4:09CV86TSL-LRA


INVACARE CORPORATION, INVACARE
CONTINUING CARE, INC., THE MEDICAL
STORE, INC., AND JOHN DOE DEFENDANTS
1 THROUGH 50                                              DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion to remand and supplemental motion to remand of plaintiff Vanessa B. Braswell, as guardian of Jason Ray Braswell.  Defendants Invacare Corporation and Invacare Continuing Care, Inc. (Invacare), and defendant The Medical Store, Inc., have separately responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to remand should be denied.

The complaint filed by plaintiff in this cause in the Circuit Court of Clarke County, Mississippi, recites that on May 11, 2006, Vanessa Braswell was attempting to move Jason Ray Braswell from their specially-equipped van and onto the porch of their home when both of the handle grips pulled off the handles of the 9000 XT Invacare XL wheelchair in which he was seated, causing the wheelchair to roll backwards and causing Jason to fall approximately five-and-a-half to six feet to the ground, as a result of which he sustained severe injuries.  Plaintiff, a

citizen of Mississippi, filed this lawsuit seeking to recover damages for those injuries, naming as defendants the nonresident wheelchair manufacturer, Invacare, along with The Medical Store, Inc., the local company from which she purchased the wheelchair, alleging products liability claims based on defective manufacture, failure to warn, defective design, breach of express warranties, breach of implied warranty of fitness for particular purpose and merchantability, and negligence/recklessness. Invacare removed the case pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, contending that The Medical Store was fraudulently joined to defeat federal jurisdiction. Specifically, Invacare contended that The Medical Store qualifies as an "innocent seller" or "mere conduit" of the wheelchair which therefore, under Mississippi Code Annotated § 11-1-63(h), cannot be held liable for an allegedly defective product. Plaintiff timely moved to remand, pointing out that under § 11-1-63(h), while The Medical Store could not be held liable if it merely sold the wheelchair, it can be held liable if it "altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought."[1] She argued that in light of her allegation in the

---

[1] Mississippi Code Annotated § 11-1-63(h) provides:
In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the

2

complaint that The Medical Store altered the product by removing its warnings, or more accurately, by failing to provide plaintiff with literature from the manufacturer concerning the wheelchair, she had sufficiently stated a viable claim for relief against The Medical Store.[2]

In response to her motion, defendant noted that plaintiff had made no allegation as to the significance of not providing literature concerning the wheelchair to plaintiff or how this could constitute negligence. In her rebuttal, plaintiff argued that

> harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

[2] Although she recited in her motion to remand that she had alleged in the complaint that The Medical Store had "removed [the wheelchair's] warnings," what she actually alleged was that The Medical Store had failed to provide literature concerning the wheelchair. This distinction was noted by defendants in their responses to plaintiff's motion. Moreover, The Medical Store submitted affidavits of two of its employees who stated unequivocally that The Medical Store, Inc. and its personnel
> do not alter or modify any Invacare brand wheelchairs (or any other wheelchair) in any way, and did not do so during 2005. The Medical Store, Inc. and its personnel do not (and have not) remove or alter any warnings or labels, which come on any Invacare brand wheelchairs, or any other wheelchair.

In the face of defendants' argument and proof on this point, plaintiff has not continued to claim that The Medical Store "removed" any warnings from the wheelchair. Rather, she claims that The Medical Store failed to provide Invacare's manual for the wheelchair.

3

> [i]f in fact Defendants Invacare Corporation and/or
> Invacare Continuing Care, Inc. ("the Invacare
> Defendants") included warnings regarding the risk of
> handle grip detachment in the literature accompanying
> the wheelchair, and said literature was not provided to
> the Braswells, then the product was modified or altered
> from what the Invacare Defendants sent to The Medical
> Store, Inc., to be sold to the general public and The
> Medical Store, Inc. is not be an "innocent seller" of
> the wheelchair.

She further argued that since no discovery had been conducted, "it is unknown what warnings, if any, concerning the detachment of the handle grips were allegedly in the literature that the Invacare Defendants allegedly included with the wheelchair," and she thus was "unable to discern which Defendant- or Defendants- failed to communicate the warnings of handle grip detachment." She maintained that, "[i]f in fact there were warnings regarding grip handle detachment contained in the manufacturer's literature, then it was The Medical Store, Inc. that failed to provide the warning."

At plaintiff's request, the court allowed plaintiff an opportunity for discovery regarding this specific issue, "whether or not any warnings of possible handle grip detachment [were] included with the wheelchair when it was received by The Medical Store, Inc. (be it affixed to the wheelchair or as separate literature in the box with the wheelchair)." Following that discovery, plaintiff filed a supplemental motion to remand, to which she attached as an exhibit a copy of the "Owners Operator and Maintenance Manual" for the subject wheelchair. She admits the manual includes no express warning concerning the risk of

4

detachment of the handle grips of the wheelchair, but she contends that the manual "contains several warnings that are or may be pertinent to the plaintiff's injuries herein." In particular, she notes that although the manual does not identify which parts of the wheelchair are "removable (detachable)," the manual does warn,

> DO NOT attempt to lift the wheelchair by any removable (detachable) parts. Lifting by means of any removable (detachable) parts of a wheelchair may result in injury to the user and/or assistant or damage to the wheelchair.

The substance of this warning is repeated throughout the manual, which also states:

> Also, be aware of any removable (detachable) parts. These must NEVER be used for hand-held or lifting supports, as they may be inadvertently released, resulting in possible injury to the user and/or assistant(s).
> ...
> [T]ilting the wheelchair, an assistant should grasp the back of the wheelchair on a non-removable (nondetachable) part.

Plaintiff submits that in view of the potential that these warnings could reasonably be found sufficient to have alerted her to the potential dangers of handle grip detachment, then it cannot be said that she has no reasonable possibility of recovery against The Medical Store, which, by virtue of its failure to pass on these warnings to her, cannot be found to have been an "innocent seller."

Under the law applicable to fraudulent joinder, a district court will find that a plaintiff has improperly joined a non-diverse defendant to defeat subject matter jurisdiction where

5

the defendant demonstrates that the plaintiff is unable to establish a cause of action against the nondiverse defendant. See Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). The determination for the court is whether "there is arguably a reasonable basis for predicting that state law might impose liability." Id. The standard for judging fraudulent joinder claims is well-established: "[a]fter all disputed questions of fact and all ambiguity in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." Campbell, 509 F.3d at 669 (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003)). See also Curry v. State Farm Mut. Auto. Ins. Co., 599 F. Supp. 2d 734, 737 (S.D. Miss. 2009) (summarizing applicable fraudulent joinder principles).

In response to plaintiff's motion and supplemental motion, defendants take the position that even if one assumes for the sake of argument that The Medical Store's failure to provide the manual with the wheelchair could constitute an alteration or modification of the product (a proposition with which they do not agree), The Medical Store nevertheless remains an "innocent seller," insulated from liability as a matter of law, since the manual itself contained no warning of the risk that the handle grips could come

off, so that consequently, the failure to provide the manual could not have been "a substantial factor in causing the harm. . . ." Indeed, having thoroughly reviewed the manual, it is evident there is no arguable warning therein of the alleged risk of detachment of the handle grips of the wheelchair. As plaintiff points out, the manual does warn that the wheelchair should not be lifted or maneuvered by its "removable (detachable) parts," but nothing in the manual explicitly or implicitly identifies the handle grips as removable or detachable parts by which the wheelchair should not be lifted or maneuvered. On the contrary, the manual directs that the proper method for an assistant to maneuver/tilt the wheelchair is by "grasp[ing] the back of the wheelchair on a non-removable (non-detachable) part," and it provides an accompanying illustration depicting an assistant behind the wheelchair holding and lifting the wheelchair by the handle grips. The clear import of these provisions is that the handle grips are not "removable detachable parts" but rather are "non-removable (non-detachable)" parts, and there is certainly nothing in the manual which indicates that a wheelchair assistant should not attempt to tilt or lift the wheelchair by using the handle grips. And there clearly is nothing in the manual otherwise to warn of the risk of handle grip detachment. It thus follows, as defendants correctly contend, that even if The Medical Store's failure to provide the manual to plaintiff constituted an alteration or modification of the product, that alleged alteration or modification could not

7

have been a substantial factor in causing the harm for which recovery of damages is sought. Accordingly, The Medical Store remains an "innocent seller," against which plaintiff has no reasonable possibility of recovery.[3]

Plaintiff argues additionally that Invacare should be held judicially estopped to claim fraudulent joinder of The Medical Store since, in its discovery response, Invacare has refused to admit or deny whether The Medical Store is a party to which fault may be apportioned under Mississippi Code Annotated § 85-5-7. The court rejects plaintiff's argument.

> Generally, the doctrine of judicial estoppel prevents a party from taking such inconsistent positions: Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." The purpose of the doctrine is to prevent litigants "from 'playing fast and loose' with the courts . . . ." In this Circuit, "two bases for judicial estoppel" must be satisfied before a party can be estopped. First, it must be shown that "the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position."

Hall v. GE Plastic Pac. PTE, Ltd., 327 F.3d 391, 396 (5th Cir. 2003) (citations omitted). As Invacare points out in its

---

[3] Plaintiff also points out in her response that the manual recites, "DO NOT go up or down ramps or traverse slopes greater than nine degrees." However, there is no hint of an allegation in plaintiff's complaint to suggest that the degree of incline of any ramp or slope was a contributing factor in the accident. Accordingly, the court does not consider whether this might provide a viable basis for recovery. See Curry v. State Farm Mut. Auto. Ins. Co., 599 F. Supp. 2d 734, 737 (S.D. Miss. 2009) ("The court looks to plaintiff's state court complaint to determine whether there is a reasonable possibility of recovery.").

8

response, it has never taken the position that The Medical Store cannot be at fault for injuries to Jason Braswell if The Medical Store took some action or failed to take some action that could result in fault being allocated to it; and, this position by Invacare is not inconsistent with its position that plaintiff did not sufficiently plead a claim against The Medical Store in the complaint.

Based on the foregoing, it is ordered that plaintiff's motion to remand and supplemental motion to remand are denied. Further, as plaintiff has asserted no actionable claim against the Medical Store, this defendant will be dismissed from the case.

SO ORDERED this 5th day of November, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE