IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VANESSA B. BRASWELL, AS GUARDIAN
OF JASON RAY BRASWELL                                                                                 PLAINTIFF

V.                                                                               CAUSE NO. 4:09-cv-00086-CWR-LA

INVACARE CORPORATION, INVACARE
CONTINUING CARE, INC., AND JOHN DOE                                                    DEFENDANTS
DEFENDANTS 1 THROUGH 50

## ORDER

The above-styled cause is before the Court on the Plaintiff's Motion *in Limine* [50], which seeks preclusion of any reference to the liability *vel non* of a party previously dismissed from the case at bar. For the reasons stated herein, the motion is granted.

This dispute began in the Circuit Court of Clarke County, Mississippi, as a products-liability suit against Invacare, the manufacturer of a wheelchair, and the Medical Store, a Mississippi company at which the wheelchair was purchased. After the filing of the Complaint, Invacare removed the case to this Court on the argument that "[t]he Medical Store ha[d] been fraudulently and improperly joined as a defendant to defeat diversity . . . ." Notice of Removal [1] at 3. By Order [29] of the Court, the latter was found to be "an 'innocent seller,' against which the plaintiff has no reasonable possibility of recovery" under Mississippi law. See Miss. Code Ann. § 11-1-63(h). The Court declined to remand the case to Clarke County Circuit Court.

Thereafter, Braswell filed the aforementioned motion to forbid all suggestions of liability on the part of the Medical Store. Generally speaking, Braswell argues that Invacare should be judicially estopped from seeking to prove that liability rests with the Medical Store after

1

explicitly arguing heretofore that the now-dismissed defendant was a "mere seller." In response, Invacare claims that Braswell misconstrues its earlier contentions and that its current position is not inconsistent with any previous argument.

Ultimately, though, such parsing is unnecessary, as the matter can be addressed under the "law of the case" doctrine. Like the doctrine of *res judicata*, which commands adherence to previous judgments between the same parties, the "law of the case" doctrine "prevents collateral attacks against the court's rulings during the pendency of a lawsuit." *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983). "The rationale on which the doctrine is based is the same as that for *stare decisis*: a court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice." *Id.*

In the Order dismissing the Medical Store, this Court explicitly found that "[t]he Medical Store [i]s an 'innocent seller;' against which [Braswell] has no reasonable possibility of recovery." Under Section 11-1-63(h), the Medical Store "shall not be liable . . . ."

Section 11-6-63(h) concludes its command by stating, "It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." By ruling that the Medical Store enjoys such immunity, the Court implicitly concluded that no liability, as a matter of law, can attach thereto. Evidence of such liability is now irrelevant and, under Rule 402 of the Federal Rules of Evidence, is inadmissible.

Braswell's Motion *in Limine* is granted. SO ORDERED this 19th day of January 2011,

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

2